

**SIGNED this 26th day of September, 2012.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-11365-CAG |
| | § | |
| CLIFFORD JOESEPH WOERNER and | § | |
| GAIL SUZANNE WOERNER | § | CHAPTER 7 |
| | § | |
| Debtors | § | |

### AMENDED MEMORANDUM OPINION AND ORDER
### DENYING PLAINTIFF'S OBJECTION TO DEBTOR'S EXEMPTIONS

Before the Court is the Objection to Debtor's Exemptions (the "Objection") filed by creditors and parties in interest Texas Skyline, Ltd., Pecos & 15th, Ltd., and Skyline Interests, LLC ("Skyline") on June 20, 2012. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the matter is deemed a core proceeding under 28 U.S.C. § 157(b)(2)(A) (administration of the estate) and (B) (exemptions from property of the estate). This matter is referred to this Court under the District's Standing Order of Reference. Venue is proper under 28 U.S.C. § 1408. A hearing was held on September 4, 2012, to consider the

1

Objection. Having considered the pleadings and the record in this case, for the following reasons, the Court finds that the Objection should be DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

This case was commenced as a Chapter 11 proceeding on May 13, 2010, and was converted to Chapter 7 on April 20, 2011. Debtor filed original schedules on May 18, 2010, and has since amended the schedules five times. The omission of several items of value that appeared on subsequent amended schedules was, in part, the basis for conversion to Chapter 7. The most recent amended schedule was filed on May 21, 2012. Skyline filed its Objection on June 20, 2012. Debtor did not file a response to the objection but opposed the objection at hearing.

Skyline contends that the Objection was timely filed pursuant to Federal Rule of Bankruptcy Procedure 4003(b)(1) (ECF No. 373). At hearing, Skyline acknowledged a split as to how courts interpret the 30 day deadline to object to amended schedules. Advocating an interpretation followed by—among others—the Northern District of Texas, Skyline argues that a party in interest may object to <u>any</u> claimed exemption within 30 days of filing amended schedules, even if a particular exemption did not change from an earlier iteration of the schedules. *Id.* Citing the numerous amendments to the schedules and "additional questionable conduct[,]" Skyline objects to "all property claimed as exempt on Debtor's Fifth Amended Schedules" except for Debtor's homestead exemption. *Id.* For relief, Skyline seeks an appraisal of the claimed property to "determine [its] true value." *Id.*

Although no response was filed, Debtor contested the timeliness as well as the substance of the Objection at hearing. Debtor argues that Rule 4003 extends the 30 day deadline for amended schedules only in regard to new changes to the schedules. Because the Third and Fifth

2

Amended Schedules are identical, and Skyline made no objections to the Third Amended Schedules, Debtor argues that the deadline to object to any item listed in the current schedules passed 30 days after the Third Amended Schedules were filed.

Debtor further argues that even if Skyline's Objection was timely filed, it proffered no evidence, at hearing or in the Objection, to suggest that the claimed exemptions were improper. Debtor argues that because the burden of proof is on the movant to show "that the exemptions are not properly claimed[,]" Skyline's Objection should be denied.

## DISCUSSION

Under Bankruptcy Rule 1009—absent a showing of bad faith or prejudice to creditors—a debtor may amend a schedule "as a matter of course at any time before the case is closed." *See In re Williamson*, 804 F.2d 1355, 1358 (5th Cir. 1986); Fed R. Bankr. P. 1009(a). Under Rule 4003, "a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under §341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." Fed. R. Bankr. P. 4003. If an objection is timely filed, "the objecting party has the burden of proving that the exemptions are not properly claimed." *Id.*

### 1. *The Objection was Timely Filed*

Courts use two different interpretations of Rule 4003(1) and the 30 day deadline as it applies to amended schedules. In this case, Debtor advocates adoption of the "restrictive rule,"[1] wherein a party in interest has 30 days to object only to changes made by amendment and not to claims that are unaffected by an amendment. Conversely, Skyline advocates adoption of the "non-restrictive rule," which stipulates that a party in interest may object to <u>any</u> claimed exemption within 30 days of an amendment to the schedules. Because there is no controlling

---

[1] The Court employed the "restrictive" and "non-restrictive" convention in this opinion.

authority on point, the Court must decide how to interpret the Rule by considering the purpose of the Bankruptcy Code and the plain reading of Rule 4003. In light of these considerations, the non-restrictive rule is the better interpretation of Rule 4003 and it is adopted by this Court.

The Seventh and Ninth Circuit Courts of Appeals, the Eighth Circuit Bankruptcy Appellate Panel, and an earlier decision from this Court follow the restrictive rule. *Matter of Kazi*, 985 F.2d 318, 323 (7th Cir. 1993); *In re Grueneich*, 400 B.R. 680, 684 & n.10 (B.A.P. 8th Cir. 2009); *In re Bernard*, 40 F.3d 1028, 1032 (9th Cir. 1994); *In re Payton*, 73 B.R. 31, 33 (Bankr. W.D. Tex. 1987). Although these courts adopted the restrictive rule, they did so with limited analysis. *See In re Bernard*, 40 F.3d at 1032 (citing Collier and other cases that adopted the restrictive rule but providing no reasoning for adopting the rule); *Matter of Kazi*, 985 F.2d at 323 (limiting analysis to one paragraph, and stating that "[i]t makes no sense to interpret Rule 4003(b) [to allow objections to any claimed exemption following an amendment to the schedules]").

The most compelling argument for adopting the restrictive rule is the need for prompt action and finality expressed in *Taylor v. Freeland & Kronz*. 503 U.S. 638, 644 (1992). In *Taylor*, the Supreme Court held that a trustee may not object after the 30 day deadline passes when the debtor's schedules claimed a value far in excess of the amount allowable by a particular exemption. *Id.* at 642–44 (commenting that that "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality"). *Matter of Kazi*, a case from the Seventh Circuit, applied *Taylor's* emphasis on finality to an issue similar to the one before this Court. 985 F.2d at 323. Relying on "the principles of finality expressed in *Taylor*" and a lower court decision, the court in *Kazi* found that "[t]he filing of an amended schedule does not reopen the time to object to the original exemptions." *Id.*

4

*In re Payton*—a case from this Court—also adopted the restrictive rule, but provides little more reason for adopting the rule. **In re Payton**, 73 B.R. at 33. The only rationale for the court's decision in *Payton* appears in an explanatory parenthetical, stating that "[i]t seems clear that [Rule 4003] intended to allow for objections to those amendments which are actually made, and not to reopen previously determined issues." *Id.* at 33.

These arguments are not convincing. The plain reading of Rule 4003 and the nature of exemption schemes support adoption of the non-restrictive rule.

"It is well established that when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." **Lamie v. U.S. Trustee**, 540 U.S. 526, 534 (2004) (quoting **Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.**, 530 U.S. 1, 6 (2000) (internal quotation marks omitted), in turn quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989), in turn quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)).

Rule 4003(1) states that a party in interest "may file an objection <u>to the list of property claimed as exempt</u> within 30 days [after the meeting of creditors is concluded] or within 30 days of <u>any amendment to the list</u> or supplemental schedules is filed, whichever is later." Fed. R. Bankr. P. 4003(1) (emphasis added). The rule does not limit what may be objected to, allowing for "an objection to the list" after "any amendment to the list" is filed. *See* **In re Ronk**, No. 05-42552-DML-7, 2006 WL 2385240, at *4 (Bankr. N.D. Tex. June 19, 2006) (The "drafters could easily have provided that post-amendment objections were limited only to changes made to a debtor's exemption by that amendment. They did not."). Furthermore, the words "whichever is later" suggest that the rule does not "read to set various 30–day objection periods for claims made originally or by amendment." *See id.* at *5.

5

In addition to the plain reading of Rule 4003(1), the interdependence of exemption schemes suggests that the non-restrictive rule is the better interpretation. Under Texas state exemptions:

> a family may exempt up to $60,000 worth of personal property falling into various categories. An initial claim of exemption may thus become invalid through accrual of total value of exemptions claimed through amendment. Objection to exceeding the $60,000 maximum ought not to be limited to the last accrued exemption as opposed to the total of exemptions. Under the federal scheme [], what are "household goods" or what is property held for "household use" [] may vary depending on what property a debtor claims exempt as "a residence" pursuant to Code § 522(d)(1). Thus it makes perfect sense to allow a trustee and other parties in interest to reassess a debtor's use of an exemption scheme upon the filing of any amendment that will change that use.

*In re Ronk*, 2006 WL 2385240, at *4.

The principles of finality expressed in *Taylor* are not relevant to the issue in this case either. The debtor in *Taylor* never amended her schedules, and the court solely addressed whether a trustee may object to a claimed exemption <u>after</u> the 30 day deadline had indisputably passed.[2] ***Taylor v. Freeland & Kronz***, 503 U.S. at 644. That is not the case for Skyline, which seeks to object to Debtor's amended schedules within the 30 day deadline.

The principles of finality expressed in *Taylor* are even less compelling considering that the debtor may upset this finality by amending schedules multiple times before the case is closed. Under Rule 1009, a debtor may amend a schedule as a "matter of course any time before the case is closed." Fed. R. Bankr. P. 1009(a). Absent a showing of bad faith or prejudice to the creditors, a debtor may amend as often as he pleases. *See* **In re Schellenberg**, No. 09-10272-CAG, 2010 WL 1856351, at *2 (Bankr. W.D. Tex. May 7, 2010) citing **In re Williamson** 804 F.2d at 1358 (finding that the Fifth Circuit recognized "that amendments under Rule 1009 are liberally construed if there was no bad faith or prejudice to creditors"). This rule is evinced to

---

2 The facts of *Taylor* indicate that the creditors meeting took place in January of 1985, and the trustee did not object to the claimed exemption until sometime after October of 1986.

some extent by this case, in which Debtor has amended his schedules five times to date. There is no policy argument that the Code demand finality from parties in interest but allow the debtor wide latitude to undermine that finality.

Allowing a party in interest a second look at the claimed exemptions is not prejudicial to the debtor, particularly when amending schedules is strictly the debtor's prerogative. *See* ***In re Ronk***, 2006 WL 2385240, at *4 ("It is no burden on the debtor seeking finality to require that he or she get it right the first time."). Furthermore, although it would be ideal for a party in interest to object to exemptions the first time around, such exactitude is not mandated by the plain reading of the rule. Adopting the non-restrictive rule is all the more compelling given that no such strict requirements are demanded of the debtor to accurately file their exemptions under Rule 1009.

Debtor also implicitly argues that Skyline should be estopped from objecting to the Fifth Amended Schedules because they are identical to the Third Amended Schedules; however this argument is flawed. The doctrine of judicial estoppel is an equitable doctrine generally applied "where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" ***Kane v. Nat'l Union Fire Ins. Co.***, 535 F.3d 380, 385 (5th Cir. 2008) (quoting ***Scarano v. Cent. R.R. Co.***, 203 F.2d 510, 513 (3d Cir. 1953)). Judicial estoppel is used in a bankruptcy context to effectuate the policy goals of "'bring[ing] about an equitable distribution of the bankrupt's estate among creditors" and "'grant[ing] a fresh start to the honest but unfortunate debtor[.]'" [3] ***Reed v. City of Arlington***, 650 F.3d 571, 574 (5th Cir. 2011) (quoting ***Kothe v. R.C. Taylor Trust***, 28 U.S. 224, 227 (1930) and ***Marrama v. Citizens Bank of Mass.***, 549 U.S. 365, 367 (2007)). Allowing Skyline to object to all

---

3 It is not clear that Debtor is the "honest but unfortunate" individual whom the bankruptcy system seeks to give a fresh start. This case was converted to Chapter 7 based in part on evidence that Debtor was concealing valuable assets from the estate. (ECF Nos. 73 & 152).

7

exemptions claimed in the Fifth Amended Schedules does not grant Skyline to "an unfair advantage" over the debtor,[4] but it does promote the bankruptcy policy goal of equitable distribution of the estate among creditors. Furthermore, the non-restrictive rule does not hinder Debtor's fresh start, it merely lets Skyline ensure that the debtor's exemptions are properly claimed. Therefore, doctrine of judicial estoppel is therefore inappropriate in this case.

For the above reasons, the non-restrictive rule is adopted and Skyline's Objection was timely because it was filed within 30 days of Debtor's most recent amended schedules.

### 2. *Skyline Failed to Meet its Burden of Proof*

Bankruptcy Rule 4003(c) states that if an objection is timely filed, "the objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr. P. 4003. The standard of proof in Rule 4003 objections is a preponderance of the evidence. *See* **Grogan v. Garner**, 498 U.S. 279, 286, 111 S. Ct. 654, 659, 112 L. Ed. 2d 755 (1991) (stating that there is a presumption that a preponderance of the evidence is the standard unless "particularly important individual interests or rights are at stake" and that there is no constitutional or fundamental right to discharge in bankruptcy). "To deny a debtor an exemption which is based upon a dollar limitation, the objecting party cannot carry its burden of proof by merely impeaching the Debtors' valuation. Competent evidence, which affirmatively demonstrates a higher valuation by a preponderance of the evidence, is required." **In re Shurley**, 163 B.R. 286, 291 (Bankr. W.D. Tex. 1993).

In this case, Skyline fails to meet its burden of proof. Skyline objects to almost all of Debtor's claimed exemptions but does not specifically address what is wrong with any particular

---

4 The Fifth Circuit stated that "judicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on the undisclosed asset." **Reed v. City of Arlington**, 650 F.3d at 574 (quoting *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005). That is not the case here.

8

claim. Apart from noting Debtor's multiple amendments to the schedules and "testimony that debtors hid assets to avoid collection by creditors" (ECF No. 373), Skyline offers no evidence—at hearing or in the Objection—that any exemption was improperly claimed or valued. At most, Skyline's Objection impeaches the Debtor's valuation of the exemptions at issue, but there is no competent evidence "demonstrat[ing] a higher valuation[.]" *Id.* Skyline therefore fails to meet its burden of proof and the Objection should be denied.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Objections to Debtor's Exemptions filed by Texas Skyline, Ltd., Pecos & 15th, Ltd., and Skyline Interests, LLC on June 20, 2012 should be DENIED.

IT IS SO ORDERED

# # #